IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WAYNE P. RALEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>VIRGINIA and BOARD OF )<br>SUPERVISORS FOR PRINCE GEORGE )<br>COUNTY, )<br>)<br>Defendants. ) | Civil Action No. 3:08CV620-HEH |

### MEMORANDUM ORDER
(Granting Defendants' Motions to Dismiss)

THIS MATTER comes before the Court on a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Dk. No. 6), filed by Defendant Commonwealth of Virginia ("Virginia") on December 22, 2008, and a Motion to Dismiss pursuant to Rule 12(b)(6) (Dk. No. 11), filed by Defendant Board of Supervisors for Prince George County ("County") on January 14, 2009. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court hereby GRANTS the Defendants' Motions to Dismiss and DISMISSES Plaintiff's Complaint. The initial pretrial conference scheduled for March 5, 2009, is hereby CANCELED.

Plaintiff filed a Motion to Proceed *In Forma Pauperis* on September 24, 2008.

The Court granted Plaintiff's Motion, and the Clerk filed his *pro se* Complaint alleging civil rights violations on November 10, 2008. Plaintiff alleges that police officers and animal control officers employed by Prince George County entered his property in Disputanta, Virginia, without a search warrant on November 9, 2006, and October 27, 2006, respectively, in violation of his constitutional rights. He also alleges that Defendants committed "black mail" against him by forcing him to sign a release pertaining to his animals. Finally, Plaintiff alleges that Defendants trespassed on his property from November 4, 2006, to November 9, 2006.

The party claiming federal subject-matter jurisdiction bears the burden of demonstrating that jurisdiction exists. *Richmond, Fredericksburg, & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In ruling upon a motion to dismiss challenging subject-matter jurisdiction pursuant to Rule 12(b)(1), the Court may consider evidence beyond the pleadings. *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v.*

2

*Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

The Eleventh Amendment to the Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although its express terms only proscribe suits by citizens against another state, it is well-settled that "an unconsenting State is immune from suits brought in federal court by her own citizens." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Virginia has not consented to the jurisdiction of his Court to adjudicate claims against it, *see* Va. Code Ann. § 8.01-195.4, and the Court lacks jurisdiction over Plaintiff's claims. Accordingly, Virginia's Motion to Dismiss is GRANTED, and Plaintiff's claims against Virginia are DISMISSED.

Plaintiff has also failed to state a claim for which relief may be granted against the County. Under § 1983, a county or municipality may only be held liable for an unconstitutional official policy or custom enacted by its governing body. *Jordan v. Jackson*, 15 F.3d 333, 337 (4th Cir. 1994). "[P]laintiffs seeking to impose liability on a

3

municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Id.* A municipality cannot be held liable under a theory of *respondeat superior* for the actions of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Complaint contains no allegation challenging any official policy or custom of the County. Thus, the County's Motion to Dismiss is GRANTED, and Plaintiff's claims against the County are DISMISSED.

Plaintiff is advised that he may appeal this Memorandum Order. Any appeal from this decision must be taken by filing a written notice of appeal with the Clerk within thirty (30) days of the entry of this Memorandum Order. Failure to file a timely notice of appeal may result in a loss of Plaintiff's right to appeal.

The Clerk is directed to send a copy of this Memorandum Order to all counsel of record and to Plaintiff, who is *pro se*.

It is SO ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 3, 2009
Richmond, VA